JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 13 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 887

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE STEEL DRUMS ANTITRUST LITIGATION*

*BEFORE JOHN F. NANGLE,\* CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK,\* HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation presently consists of eight actions pending in four districts as follows:

| | |
|---|---|
| Eastern District of Pennsylvania | 3 actions |
| Southern District of Ohio | 2 actions |
| Western District of Pennsylvania | 2 actions |
| Northern District of Ohio | 1 action |

Plaintiffs in the eight actions move the Panel, pursuant to 28 U.S.C. §1407, for an order centralizing all actions in the Southern District of Ohio for coordinated or consolidated pretrial proceedings. All defendants agree upon centralization, but they favor selection of the Northern District of Illinois as transferee forum.[1]

On the basis of the papers filed and the hearing held, the Panel finds that the eight actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are purported class actions, are brought against nearly the same defendants, and are based on allegations of a price fixing conspiracy in the sale of new steel drums. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with

---

\*Judges Nangle and Pollak took no part in the decision of this matter.

[1] Plaintiffs in two additional recently filed actions in the Southern District of Ohio attempted to join in the other plaintiffs' motion for centralization in the Ohio forum. Because these joinders were not in compliance with the Panel's Rules, the later filed actions are not now formally before the Panel. In light of the Panel's disposition in this docket, these actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

respect to class certifications), and conserve the resources of the parties, their counsel and the judiciary.

While either of the two suggested transferee districts could be considered an appropriate transferee forum for this litigation, on balance we are persuaded that the Southern District of Ohio is the preferable forum. While related criminal proceedings are pending in the Northern District of Illinois, we note that no constituent civil action is pending there, and we are reluctant to effect centralization under such circumstances. In selecting the Ohio forum, we note that: 1) many of the defendants are located in or are convenient to that district; and 2) proceedings in the constituent actions pending in that district are proceeding apace under the direction of a judge with extensive experience in complex and multidistrict litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of Ohio be, and the same hereby are, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Carl B. Rubin for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

*FOR THE PANEL:*

*S. Hugh Dillin*
*Acting Chairman*

## SCHEDULE A

### MDL-887 -- *In re Steel Drums Antitrust Litigation*

#### Southern District of Ohio

Allegheny Petroleum Products, Co. v. Astro Containers, Inc., et al., S.D. Ohio, C.A. No. C-1-91-208

Mador Company, Inc., d/b/a Alpha Mador Supply, Inc. v. Astro Containers, Inc., et al., S.D. Ohio, C.A. No. C-1-91-221

#### Northern District of Ohio

CWC Industries, Inc. v. Berenfield Containers, et al., N.D. Ohio, C.A. No. 1:91-CV-0463

#### Eastern District of Pennsylvania

Bullen Midwest, Inc. v. Astro Containers, Inc., et al., E.D. Pennsylvania, C.A. No. 91-1489
Big D. Building Supply Corp. v. Astro Containers, Inc., et al., E.D. Pennsylvania, C.A. No. 91-1554

Concord Chemical Company, Inc. v. Astro Containers, Inc., et al., E.D. Pennsylvania, C.A. No. 91-CV-1988

#### Western District of Pennsylvania

FBC Chemical Corp. v. Johan Bruil, et al., W.D. Pennsylvania, C.A. No. 91-0475

Darmex Industrial Corp. v. Johan Bruil, et al., W.D. Pennsylvania, C.A. No. 91-0476